IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RACHEL DIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:17-cv-00119-J |
| | § | |
| EMORY DILWORTH BELLARD III, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING THE PLANTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGEMENT AND GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Before the Court is Plaintiff's *Motion for Default Judgment and Motion for Attorney's [sic] Fees*, filed on July 28, 2017. The motion for default judgment is GRANTED. The motion for attorneys' fees is GRANTED IN PART.

The court having entered default judgment on behalf of Plaintiff, now addresses Plaintiff's motion for attorneys' fees and expenses.

### Jurisdiction and Venue

This case was filed under 28 U.S.C. § 1332(a)(1) because of the diversity of citizenship that exists between Plaintiff, a citizen of Massachusetts, and Defendant, a citizen of Texas, and the fact that the amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant resides in McLean, Texas, which is within the Amarillo Division of the Northern District of Texas.

1

**Procedural Background**

The original complaint was filed on June 29, 2017. The Defendant was served by personal service on June 30, 2017. Defendant has not answered or otherwise appeared in this case. The Plaintiff then moved for default judgment on July 28, 2017, Document 7, due to defendant's failure to answer timely within the requisite twenty-one (21) days. *See* Fed. R. Civ. P. (12)(a)(1)(A)(i); 55(a). That motion is granted.

**Factual Background**

Plaintiff and Defendant were divorced in Florida. Pursuant to their divorce, the parties entered into a series of agreements, separate and apart from the divorce decree, which the Plaintiff now seeks to enforce.

The first agreement, entitled the Support Agreement, is a contractual agreement between the Plaintiff and Defendant, in which the Defendant agreed to pay the Plaintiff $3,000 monthly for ten (10) years. The parties then orally altered that Support Agreement, entitled the Amendment. The "Amendment" reduced the Defendant's monthly obligations by $250 in exchange for the Defendant making monthly payments on a mortgage. The Defendant's obligations on the "Amendment" were terminated in bankruptcy. The parties entered into yet another agreement wherein it is alleged that the Defendant agreed to pay the Plaintiff $2,322 to compensate her for the amount of taxes she paid to the Internal Revenue Service (IRS). The Plaintiff sued to recoup her payment of taxes under a theory of breach of contract or, in the alternative, unjust enrichment.

Plaintiff alleges Defendant breached the Support Agreement during the March 2014 billing period. Plaintiff also alleges that Defendant has not reimbursed her for the $2,322 she paid to the IRS. As of July 2017, the past due amounts owed to the Plaintiff by the Defendant

were $119,599.91 on the Support Agreement, excluding pre-judgment interest, plus the $2,322 in paid taxes. With pre-judgment interest, as set by the Chief Financial Officer of the State of Florida, the principal amount and interest due on the Support Agreement through July 24, 2017 was $127,919.60 and continues to grow. *See* FLA. STAT. § 55.03. This figure does not include the claim of recoupment for paid taxes, in the amount of $2,322.

After the divorce and a failed business venture, Defendant moved from Florida to McLean, Texas. Plaintiff is now a citizen of Massachusetts. Defendant declared bankruptcy in the case styled *In re Emory Dilworth Bellard III*, Case No. 15-20310-rlj7, in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division. The Plaintiff's attorneys are now seeking their fees for *both* the bankruptcy litigation and this lawsuit, pursuant to permissive procedure under Florida law. The Plaintiff seeks $121,921.91, plus interest, in liquidated damages, claiming she is entitled to that amount under Texas and Florida law. According to page 10 of Plaintiff's *Supplemental Brief per Court Order*, the attorneys seek $51,309.90 in fees and expenses, $34,614.40 of which relates to the bankruptcy proceedings, $16,695.50 of which relate to the current proceeding.

## Standards for Awarding Attorneys' Fees

The Support Agreement is an agreement for monthly payments separate from, but in connection with, a proceeding for dissolution of marriage governed by Florida law. Plaintiff is entitled to reasonable attorneys' fees and costs under Florida law. *See* FLA. STAT. § 61.16. The Tax-Reimbursement Agreement is a claim to recover damages for Defendant's breach of an agreement with Plaintiff. As such, Plaintiff is entitled to her reasonable and necessary attorneys' fees and expenses. *See* TEX. CIV. PRAC. & REM. CODE § 38.001. Thus, all claims brought by Plaintiff entitle her to attorneys' fees in this case.

3

In the case *Author Andersen & Co. v. Perry Equipment Corporation*, the Texas Supreme Court provided an eight part test, "that a factfinder should consider when determining the reasonableness of a fee." 945 S.W.2d 812, 818 (Tex. 1997). Those factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on the results obtained or uncertainty of collection before the legal services have been rendered. *Id.*

In the case *Florida Patient's Compensation Fund v. Rowe*, the Supreme Court of Florida stated:

> Although the amount of an attorney fee award must be determined on the facts of each case, we believe that it is incumbent upon this Court to articulate specific guidelines to aid trial judges in setting of attorney fees. We find the federal lodestar approach...provides a suitable foundation for an objective structure."

472 So.2d 1145, 1150 (Fla. 1985). The Florida Court then listed an eight factor test that is analogous to the test adopted by the Texas Supreme Court. *Id.* The Florida factors are: (1) the time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the

nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. *Id.*

"When applying for a fee under the lodestar method, the applicant must provide sufficient details of the work performed before the court can make a meaningful review of the fee request." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012). "For the purposes of lodestar calculations, this evidence includes, at a minimum, documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *Id.*

Regarding federal law in assessing attorneys' fees, the Texas Supreme Court stated in *El Apple* that, "in applying our state statute, we may draw on the far greater body of federal court experience with lodestar and fee shifting." *Id.* at 765. The Fifth Circuit in *Von Clark v. Butler* stated that, "it is within the discretion of the district court to determine a reasonable number of hours that should have been expended in pursuing the claim in which the party prevailed." 916 F.2d 255, 259 (5th Cir. 1990). Further, the Fifth Circuit noted that, "summary time sheets are not sufficient to meet the plaintiff's burden of proof." *Id.*

### Discussion of Attorneys' Fees

In this case the attorneys have filed a complaint, requested the clerk for entry of default judgment, filed a motion for default judgment, and complied with a briefing order per the Court's request. In sum, for having filed a total of four (4) pleadings, the attorneys are seeking $16,695.50.

The lead attorney billed at a range of $550 to $605 per hour for this case, and performed 5.6 hours of work on this proceeding for default judgment, totalling $2,854.00. The lead

5

attorney, Mr. Trowbridge, then reduced his portion of the fee to $2,708.50, subtracting $145.50. Mr. Trowbridge billed an additional 3.6 hours for the Court's briefing order, which equates to $2,046.00. The total Mr. Trowbridge billed for this case, using the reduced figure, is $4,754.50. The associate attorney, Mr. Larson, billed 37.4 hours ranging from $220 to $310 per hour for this case, totalling to $11,207. Using this information, taken in conjunction with the lodestar analysis and the analogous eight factor tests adopted by Texas and Florida, the Court, in its discretion and in the interest of justice, finds that 46.6 total hours billed on this case to be excessive, and adjusts these figures accordingly.

The Court understands that the briefing order required significant time and research, however that is an excessive amount of fees for a simple breach of contract case, that is merely resolved on default judgment. The attorneys have provided the court with billing statements that, for the most part, conform to the lodestar requirements by listing the names of the attorneys, their billing rate, and a short, sometimes vague, description of the work performed. The Court notes that three (3) attorneys are billing their time on this case.

Due to the similarity of factors adopted in Florida and Texas for assessing the reasonableness of fees, the Court will discuss them collectively. The first factor the Court considers is the time and labor required, and difficulty of the questions involved. The first sentence on page 2 of the *Supplemental Brief per Court Order*, Document 9, under the heading, "Preliminary Statement" states, "[t]his case is a simple one." The Court agrees that this is a simple case which would normally be handled by one attorney. Yet, for such a simplistic case, the attorneys seek a fee of $16,695.50 for this proceeding alone.

The second factor the Court reviews is the likelihood that acceptance of the particular employment will preclude other employment by the lawyer. Counsel has failed to provide the

Court with any evidence of preclusion from other work in this case. The Court does not assume this case precluded the attorneys from other employment. In respect to the third factor, regarding fees customarily charged in the locality for similar legal services, Counsel submits a conclusory Supplemental Declaration, Document 9-1, in which he states that, in his opinion, the fee charged is reasonable. The Court finds, in its discretion, that the number of hours billed are excessive. These hours will be reduced.

The fourth factor looks to the finances of the case. Here, the Plaintiff is seeking to recover $119,599.91, plus interest, for breach of the Support Agreement and a recoupment of $2,322 in paid taxes. The attorneys seek $51,309.90 in fees. Again, the Court finds the total fees sought are excessive.

The fifth factor requires the Court to analyze the time limitations imposed by the client. The attorneys have failed to inform the Court of any limitations. The sixth factor looks to the nature and length of a professional relationship with the client. The attorneys have failed to inform the Court of the details or existence of any professional relationship between themselves and the Plaintiff.

The seventh factor charges the Court to consider the experience, reputation, and ability of the lawyers seeking fees. The lead attorney, Mr. Trowbridge, in his Supplemental Declaration informs the Court of how long he has been licensed to practice law, the firm he works for, that he is a partner in that firm, and his hourly rate. The Supplemental Declaration gives a similar description for the other two attorneys that performed legal services in this suit.

Finally, the eighth factor looks to whether or not the fee agreement is fixed or contingent on results obtained, and the uncertainty of collection before legal services have been rendered. Counsel have failed to inform the Court whether the fee agreement is fixed or contingent. The

Court looks to the circumstantial evidence that the Defendant has declared bankruptcy. This fact will certainly play a role in the eventual collection of fees. Nevertheless, the attorneys have failed to provide the Court with any further information on the certainty or uncertainty of collection.

Upon careful analysis of all information before the Court, and in conformity with the requisite precedent regarding awarding fees, the Court reduces the hours to a more reasonable number considering the rates charged, and awards the attorneys $8,500 in fees for the current suit. The Court notes that a typical breach of contract case disposed of on a motion for default judgment fee would be in the range of $3,000, however, the Court, in its discretion, considers $8,500 to be reasonable and necessary in this case considering the reasonable amount of time necessary to respond to the Court's briefing order.

## The Bankruptcy Proceeding

The Plaintiff also seeks, in this proceeding, an award of bankruptcy fees in the amount of $34,614.40. The Plaintiff's request for attorneys' fees in the bankruptcy proceeding is *denied without prejudice* to the Plaintiff seeking these fees in Florida, pursuant to the permissive procedure cited by counsel in the case *Fortner v. Fortner*, 631 So.2d 327 (Fla. Dist. Ct. App. 1994).

IT IS SO ORDERED.

Signed this 18th day of December, 2017.

*Mary Lou Robinson*
**MARY LOU ROBINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**